IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JEREMIAH GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00399-DGK |
| | ) | |
| AMERICAN ZURICH INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This case arises from a class action settlement in the Circuit Court of Clay County, Missouri. Now before the Court is Plaintiff's motion to remand. ECF No. 12. For the reasons discussed below, the motion is GRANTED.

**Background**

The history of this case is as follows. On March 9, 2021, Nicholas Financial, Inc. ("NFI") commenced a civil action in state court against Plaintiff[1] Jeremiah Gross to recover amounts he owed on an automobile loan. Plaintiff then filed a class action counterclaim alleging NFI violated Missouri's Uniform Commercial Code. Defendants, for their part, appear to have issued various insurance policies to NFI but determined the counterclaim's allegations did not trigger any coverage. The parties dispute whether this constitutes a failure to defend or indemnify NFI. After Plaintiff and NFI entered into a settlement agreement, Defendants intervened as a matter of right to defend against the claims asserted against NFI.

---

[1] For simplicity, the Court refers to the parties as they are aligned in this case, despite their state court alignment being different.

After holding a class action fairness hearing, the state court approved the settlement and entered final judgment on May 15, 2024. In doing so, the state court approved the "assignment to the Class of NFI's claims against certain insurers" including "any claims of bad faith failure to settle, breach of the duty to defend, breach of the duty to indemnify, and failure to procure adequate insurance." Final Judgment ¶ 7, ECF No. 1-4 at 775. And noted that "[a]ny recovery against [Defendants] will be added to the benefits made available to the Settlement Class." Final Approval Order ¶ 8, ECF No. 1-4 at 767 The court also stated that the

> Final Judgment is final for all purposes *except* for the determinations and assessments necessary to resolve any additional judgment against parties to this litigation to be determined by the Court in the future. Class Representative and/or the Class are granted leave to file any pleadings (new or amended) he and/or they wish for purposes of Paragraphs 6 and 7 of this Judgment.

Final Judgment ¶ 9 (emphasis added). Additionally, the court noted that the question of "[d]amages will be decided at a later date." *See* Final Approval Order ¶ 7.

That same day, Plaintiff filed a pleading against Defendants titled "Gross's Cross-Claim Against Insurers." ECF No. 1-4 at 778. The purported crossclaim asserts NFI's assigned claims including alleged breach of contract, breach of the duty to defend, and bad faith failure to defend or settle. *See id.* at 784–88.

Defendants timely removed Plaintiff's crossclaim contending it is a new cause of action removable under the Class Action Fairness Act or the Court's diversity jurisdiction. Plaintiff moved to remand arguing Defendants lacked authority to remove because, as intervenors, they were not original defendants to the underlying state court action.

**Standard**

A defendant may remove a case to federal court where the federal court would have had original jurisdiction if the suit had originally been filed there. *See* 28 U.S.C. § 1441(a). Only an

original defendant to an action has authority to remove a case to federal court. *See Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 446 (2019). The removing party bears the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

**Discussion**

Here, it is undisputed Defendants were not original defendants to the underlying state court action. Thus, the only question is whether Plaintiff's crossclaim represents a separate cause of action entitling Defendants to remove.

Defendants offer two primary arguments supporting removal. First, they argue the underlying action was fully resolved by the state court's final judgment, thus requiring Plaintiff to file a separate action if he wished to pursue NFI's assigned claims. Second, Defendants argue Plaintiff's crossclaim does not arise out of the same transaction or occurrence as the underlying action, and therefore, by definition, must be a separate action. Plaintiff disagrees with both arguments. And as discussed below, the Court finds them unpersuasive.

First, the state court's final judgment—which incorporated the final approval order—contemplates that additional pleadings will be filed in the underlying action in connection with NFI's assigned claims. Further, the final judgment reserved the issue of damages for a later date. As such, it is not clear the final judgment resolves all issues and forecloses Plaintiff from asserting NFI's assigned claims in the underlying action. But to the extent that it does, the state court can clarify the scope of its final judgment upon remand.

Second, although Plaintiff's claim is styled as a crossclaim, it is more akin to a counterclaim because Plaintiff and Defendants are opposing parties in the underlying action not

3

co-parties. *See* Mo. R. Civ. P. 55.32(a)–(b), (f). And Rule 55.32 permits a party to file a counterclaim even if it does "not aris[e] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Mo. R. Civ. P. 55.32(b). As such, the Court cannot find that Plaintiff's crossclaim must be a separate cause of action. But again, to the extent that it is, the state court can address the issue upon remand.

Finally, Plaintiff requests attorneys' fees. Courts may award attorneys' fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). In determining whether the removing party lacked an objectively reasonable basis for removal, the Court does not consider the removing defendant's motive, but instead considers "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (citation omitted).

Here, Defendants lacked a reasonable basis to remove. It is well established that third-party defendants lack authority to remove cases to federal court. *See Home Depot*, 587 U.S. at 446. And, as discussed above, the state court's final judgment did not resolve all issues in the underlying action. Rather, it granted Plaintiff leave to file additional pleadings in connection with NFI's assigned claims. Accordingly, Plaintiff's request for attorneys' fees is granted.

## Conclusion

For the forgoing reasons, Plaintiff's motion to remand is GRANTED. This case is remanded back to the Circuit Court of Clay County, Missouri.

The Court retains limited jurisdiction to determine a reasonable amount of attorneys' fees. Accordingly, the parties are ORDERED to meet and confer, within fourteen (14) days of this Order, to determine a reasonable amount of attorneys' fees. If the parties cannot reach an

agreement, Plaintiff shall submit a bill of costs and reasonable attorneys' fees, supported by the appropriate documentation, on or before September 4, 2024. Defendants' response shall be due on or before September 18, 2024. Plaintiff's reply, if any, shall be due on or before September 25, 2024.

    **IT IS SO ORDERED.**

Date: <u>  August 14, 2024  </u>                               <u> /s/ Greg Kays                                  </u>
                                                                           GREG KAYS, JUDGE
                                                                           UNITED STATES DISTRICT COURT